IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                              Case No. 6:10-cr-60020-002

MICHAEL R. SNELL                                                      DEFENDANT

## ORDER

Before the Court is Defendant Michael R. Snell's Motion and Supplemental Motion for Compassionate Release. (ECF Nos. 122, 127). The government responded. (ECF No. 132). The matter is ripe for consideration.

### I. BACKGROUND

On July 5, 2011, the Court sentenced Defendant to a total of 260 months of imprisonment.[1] The Court imposed a 200-month sentence for conspiracy to distribute more than 50 grams of methamphetamine, plus a consecutive 60-month sentence for possessing a firearm in relation to a drug trafficking offense. Defendant was sentenced as a career offender. He is currently incarcerated in FCI Bennettsville in Bennettsville, South Carolina, and is set for release on October 23, 2029.

Defendant filed a motion for compassionate release. (ECF No. 122). The Court appointed the Federal Public Defender's office to help. Through counsel, Defendant filed a supplemental motion seeking a compassionate-release sentence reduction pursuant to Section 603(b) of the First Step Act of 2018 (the "FSA"). (ECF No. 127). The government opposes the request.

---

[1] The Honorable Robert T. Dawson presided over this case at the time.

## II. DISCUSSION

The Court's "ability to modify a sentence after it has been imposed is extremely limited." United *States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *2 (N.D. Iowa Jan. 8, 2020). One way the Court may modify a sentence is through "compassionate release," as outlined in 18 U.S.C. § 3582(c)(1)(A) and modified by the FSA. Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Defendant must show that compassionate release is warranted. *United States v. Mitchell*, No. 5:10-cr-50067-001, 2020 WL 544703, at *1 (W.D. Ark. Feb. 3, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)).

Compassionate release may be ordered if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction to the extent that they are applicable; and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). But before addressing those issues, the Court must first determine if Defendant exhausted all available administrative remedies. *Id.*

**A. Exhaustion of Administrative Remedies**

The FSA provides two avenues for bringing a compassionate release motion. Defendant may file a motion after "fully exhaust[ing] all administrative rights to appeal a failure of the [Bureau of Prisons ("BOP")] to bring the motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Defendant bears the burden of showing that he exhausted his administrative rights within the BOP. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP's Program Statement No. 5050.50 outlines the administrative exhaustion process. In short, a request for compassionate release must first be submitted to the warden of the BOP facility Defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the U.S. Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request within thirty days, Defendant's administrative remedies are deemed exhausted. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the request within thirty days, Defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and Defendant's administrative remedies are exhausted. 28 C.F.R. § 571.63(b-c).

Defendant states that he exhausted his administrative remedies. The government does not dispute that. Defendant's administrative remedies are deemed exhausted. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

### B. Extraordinary and Compelling Reasons

The Court can grant Defendant's request for a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Congress did not define what "extraordinary and compelling" reasons are, noting only that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t). Instead, Congress directed the Sentencing Commission to promulgate "the

criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* The Sentencing Commission did so in a policy statement in the United States Sentencing Guidelines ("USSG"), so the Court looks to that as a starting point in determining what are "extraordinary and compelling reasons" under section 3582(c)(1)(A)(i).[2] *See id.*

The policy statement contemplates a reduction in a term of imprisonment if "extraordinary and compelling reasons warrant the reduction." USSG § 1B1.13(1)(A). It limits "extraordinary and compelling reasons" to only include the following four circumstances:

(A) Medical Condition of the Defendant. –

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is –

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances. –

---

[2] This policy statement predates the FSA, and the Sentencing Commission has not since updated it or adopted a new policy statement. This is problematic because parts of the policy statement do not square neatly with the FSA's language. *Compare* U.S.S.G. § 1B1.13 (authorizing compassionate release only on the BOP's motion), *with* 18 U.S.C. § 3582(c)(1)(A) (authorizing prisoners to file compassionate release motions after fully exhausting all administrative remedies). But the policy statement, while not binding, cannot be ignored and provides "important . . . guidance" on what are "extraordinary and compelling" reasons. *U.S. v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant does not claim to have a terminal illness or a debilitating physical or mental health condition, nor does he meet the advanced age requirement. His primary argument for compassionate release is that his mother and grandmother, each of whom have various medical conditions that put them at heightened risk from contracting COVID-19, require a caretaker. He contends that no one else can take care of them.

Defendant's desire to be released to be a caretaker for his elderly mother and grandmother is commendable but does not justify release under the applicable comment notes regarding caretaking for a child or spouse. To the extent that this request falls under the catch-all, it still is not an extraordinary or compelling reason. Defendant's supplemental motion states that his mother previously lived with her brother, but that arrangement is undesirable because her brother is absent for periods of time for work and lived in an apartment with steps. The supplemental motion also identifies a nephew who works on the farm where Defendant's grandmother lives. Although the Court is not unsympathetic, it appears that other people could help Defendant's mother and grandmother if needed. Thus, Defendant does not qualify for compassionate release based on family circumstances. *See United States v. White*, No. CR 19-306(2) ADM/BRT, 2022 WL 1156795, at *2 (D. Minn. Apr. 19, 2022) (rejecting the defendant's request for compassionate

release to help his sick and elderly mother, reasoning that "[m]any . . . inmates[] have aging and sick parents. Such circumstance is not extraordinary").

To the extent that Defendant's motion is also premised on his own risk of contracting COVID-19 while incarcerated, that argument is also unpersuasive. Defendant is in his early forties, he has not pointed to evidence showing he has any serious medical condition, and the record shows he received two doses of the Pfizer COVID-19 vaccine. (ECF No. 129-6). Thus, the risk posed to him by the ongoing COVID-19 pandemic has been substantially reduced. *See* Ctrs. for Disease Control & Prevention, *Pfizer-BioNTech COVID-19 Vaccine*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (noting the effectiveness of the Pfizer vaccine in preventing serious illness and death) (last accessed June 16, 2022). This protection is expected to persist against the current variants that have emerged.[3] *See* Ctrs. for Disease Control & Prevention, *COVID-19 Vaccines Work*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last accessed June 16, 2022). Moreover, Defendant is incarcerated in FCI Bennettsville, which has only one reported case of COVID-19 among its inmate population as of the date of this order. *See* Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last accessed June 16, 2022).

The Court cannot view Defendant's circumstances, together or separately, as extraordinary or compelling under the policy statement's specific provisions, or otherwise. Accordingly, Defendant's motion must be denied. 18 U.S.C. § 3582(c)(1)(A).

---

[3] If the current circumstances and the effectiveness of the vaccines are genuinely called into question, Defendant may renew his motion upon the changed scientific consensus. *See United States v. White*, 2021 WL 964050 at *2 (E.D. Mich. Mar. 15, 2021) ("Defendant is free to renew his motion should more information emerge suggesting that the Pfizer vaccine cannot protect him from new imminent strains of COVID-19. However, at this time, the Court does not find extraordinary and compelling circumstances based on that speculation.").

**C. Section 3553(a) Factors**

Assuming *arguendo* that Defendant showed extraordinary and compelling reasons, the Court must also determine whether the sentencing factors set forth in 18 U.S.C. § 3553(a) support a compassionate release, to the extent that any are applicable. That statute provides:

> (a) Factors To Be Considered in Imposing a Sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > (2) the need for the sentence imposed—
> >
> > > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > >
> > > (B) to afford adequate deterrence to criminal conduct;
> > >
> > > (C) to protect the public from further crimes of the defendant; and
> > >
> > > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> >
> > (3) the kinds of sentences available;
> >
> > (4) the kinds of sentence and the sentencing range established for—
> >
> > > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];
> >
> > (5) any pertinent policy statement [issued by the Sentencing Commission];
> >
> > (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> >
> > (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

These factors do not support Defendant's request for compassionate release. Defendant's vaccination status prevents the Court from viewing his sentence as now harsher than when it was initially set. Also, Defendant has served slightly over half of his 260-month sentence. Release with roughly fifty-five percent of his sentence served would significantly undermine section 3553(a)(2)(A-B)'s requirements that a sentence promote respect for the law and offer adequate deterrence for future crimes.

In his plea agreement, Defendant admitted to conspiring to distribute more than fifty grams of methamphetamine. Defendant's crime involved firearms and he was sentenced as a career offender. The 260-month sentence is still necessary to reflect the seriousness of his offense and provide adequate deterrence for future criminal conduct. Further, Defendant has been sanctioned roughly twenty times during his current incarceration for multiple assault and fighting incidents, possession of two weapons, and possession of drugs and alcohol. The nature and circumstances surrounding Defendant's most recent conviction and his criminal history—which includes aggravated battery, armed robbery, and multiple drug-related convictions—do not favor a reduction. *See* 18 U.S.C. § 3553(a)(1).

Defendant's efforts towards rehabilitation and education during confinement are commendable, as well as the plans he has for stability once released. However, those efforts do not overcome the required examination of the circumstances surrounding his conviction and his criminal history. Accordingly, the sentencing factors, to the extent that they are relevant, do not support Defendant's request for compassionate release. His motion also fails on this ground. 18 U.S.C. § 3582(c)(1)(A).

**D. Danger to the Community**

The Sentencing Commission's policy statement also provides that compassionate release is only appropriate if Defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) outlines the following factors:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> > (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> >
> > (2) the weight of the evidence against the person;
> >
> > (3) the history and characteristics of the person, including—
> >
> > > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > >
> > > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> >
> > (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The circumstances weighing against compassionate release under the section 3553(a) sentencing factors also weigh against compassionate release under the public safety factors. Defendant was deemed a career offender at sentencing, and his criminal history and past conduct include convictions for aggravated battery, armed robbery, and drugs, which are harmful to his

9

motion. During his current incarceration, he has been sanctioned for multiple incidents involving violence, weapon possession, and drug and alcohol possession. The Court again notes that he seems to have made efforts at rehabilitation and education during his confinement. However, the circumstances of his current conviction and past conduct prevents the Court from finding that the section 3142(g) safety factors support compassionate release. Accordingly, Defendant's motion also fails on this ground. 18 U.S.C. § 3582(c)(1)(A).

### III. CONCLUSION

For the above-stated reasons, Defendant's two motions for compassionate release (ECF Nos. 122, 127) are hereby **DENIED**.

**IT IS SO ORDERED**, this 16th day of June, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge